# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NANCY J. McDERMOTT,
JEFF SCURRY, JR.,

                          **Plaintiffs,**

-vs-                                                  **Case No.  6:07-cv-150-Orl-31KRS**

BREVARD COUNTY SHERIFF'S OFFICE,
CITY OF COCOA, FLORIDA, JACK R.
PARKER, MICHAEL MYERS, ADAM S.
DELKER, ALAN F. MOROS, DOUGH
SCRAGG, DAVID FITCH, JAMES
LANDEN, DEPUTIES DOE 1-15, PHIL
LUDOS, KEN SHEDRICK, OFFICER
HORTON, OFFICERS DOE 1-15,
                          **Defendants.**

_____

# ORDER

This matter comes before the Court on a Motion to Dismiss[1] (Doc. 25) filed by Defendants

Jack R. Parker ("Parker"), Alan F. Moros ("Moros") and "Doe" Defendants, and Plaintiffs'

Response thereto (Doc. 27).

## I. Background

Plaintiffs bring this cause of action as a result of several allegedly violent encounters

between Plaintiffs and law enforcement officers employed by the City of Cocoa Police Department

("CPD") and the Brevard County Sheriff's Office ("BCSO"). Plaintiffs' Complaint (Doc. 1)

alleges six causes of action arising out of four separate incidents. Plaintiff Jeff Scurry, Jr.

_____

[1]Defendants' Motion contains argument regarding Count IV, however, that count has already
been dismissed and therefore will not be discussed herein. (See this Court's Order of March 14, 2007,
filed at Doc. 19).

("Scurry") alleges, *inter alia,* that he was subjected to the use of excessive force by the

Defendants, in violation of 42 U.S.C. § 1983 ("§ 1983). The relevant facts[2], as set forth in

Plaintiffs' Complaint, are as follows:

On November 16, 2004, Scurry pled guilty to a charge of Battery and was sentenced to

complete a 26-week intervention course as part of his probation.  By August of 2005, Scurry had

begun the course, but knew he would not complete it by the end of his probationary period. Scurry

and his mother, Plaintiff Nancy McDermott ("McDermott"), contacted Scurry's counselor at the

anger management center and left a message regarding this matter but received no response.

On August 9, 2005, a Violation of Probation warrant was issued for Scurry. McDermott

and Scurry called Scurry's probation officer twice to make arrangements for Scurry to surrender

himself, but the calls went unanswered. On August 11, 2005, Scurry was mowing his lawn when

he was approached by BCSO Deputy Sheriff Landen, who was in plainclothes and did not identify

himself.  Scurry suspected that Landen was an officer there to arrest him, and asked if he could put

his dog away. Scurry's request was ignored. As he was talking to Landen, two other BCSO

deputies, Moros and Scraggs, tackled Scurry from behind and pushed him to the ground.

Scurry's dog then ran to his owner and Moros shot the dog in the head. Moros was ready to

shoot the dog again, but Scurry told the dog to sit and it obeyed. BCSO contacted animal control,

but gave them the wrong address and did not inform them of the gunshot wound. Animal control

arrived at Scurry's home an hour and a half later.

---

[2]It appears that only the facts of "Incident II" are relevant to this motion, and so only that
incident will be described herein.

## II. Standard of Review

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the

-3-

grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

## III. Legal Analysis

### A) Jack Parker

Defendant Parker correctly asserts that the Complaint does not specify whether he is being sued in his individual capacity, or in his official capacity as Sheriff of Brevard County. There are no factual allegations that would support a cause of action against Parker in his individual capacity. And, while Plaintiffs do allege that BCSO's established policies and/or customs violated their constitutional rights, Count I, the only count brought under § 1983, is brought only against "individual defendants." (Doc. 1 at 17).

Counts V and VI, alleging "intentional infliction of emotional distress" are apparently aimed at all Defendants. However, as there are no factual allegations that Parker was directly liable under these counts, Plaintiffs' claim against Parker must be vicarious. However, Counts V and VI mention only the "City of Cocoa, FL police officers and Brevard County Sheriff's Office deputies" and do not suggest any action based on a theory of vicarious liability against Parker. (Doc. 1 at 24-25). Therefore, Defendant Parker will be dismissed from this action.

### B) Alan F. Moros

Moros argues that Plaintiffs' have failed to plead Count I against him with sufficient specificity. The Eleventh Circuit imposes a heightened pleading standard on § 1983 claims brought against individual government officials who may be entitled to a defense of qualified immunity. *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1368 (11th Cir. 1998).

Plaintiffs, however, have provided Moros with the date, the location, the names of the participants and witnesses, and the basic facts of the incident. Plaintiffs are not required to allege possible justifications for defendants' acts, in order to illustrate whether he is entitled to qualified immunity.  Only Defendant Moros is in a position to explain his actions and motivations. Plaintiffs have provided Moros with adequate information to do that in their Complaint.

Moros then argues that Count I should be dismissed on the basis of qualified immunity.  In order to receive qualified immunity, "the government official must first prove that he was acting within [the scope of] his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Once a defendant establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiffs to show that qualified immunity is not appropriate. *Id.* To determine whether qualified immunity is appropriate, the Court must ask two questions. First, whether the allegations show the officers violated Plaintiffs' constitutional rights. *Id.*  Second, if a violation of a right can be made out, the Court must determine whether that right was clearly established. *Id.*

First, Moros fails to argue that he was performing a discretionary function at the time alleged.  However, it is generally accepted that law enforcement officers conducting arrests are acting within the scope of their discretionary functions. *See, e.g.*, *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002); *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006).

Yet, even assuming that Moros was performing a discretionary function, he is still not entitled to qualified immunity.  Plaintiffs allege violations of the Fourth Amendment by use of excessive force.  "It is clearly established that the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." *Davis*, 451 F.3d at 767. Plaintiff Scurry alleges

that Moros approached him from behind and tackled him to the ground, while Scurry was simply

standing on his lawn, talking to another deputy. The use of such force under these circumstances

would clearly be excessive, and therefore Moros is not entitled to qualified immunity at this time.

C) Doe Defendants

Defendants ask that this Court dismiss the defendants identified as "Deputies Doe 1-15 of

the Brevard County Sheriff's Office", alleging that Plaintiffs are guilty of "fictitious pleading."

Plaintiffs, however, respond that the names of the deputies involved in these incidents are not yet

available to them, and will be ascertained only as a result of discovery.

> As a general rule, the use of "John Doe" to identify a defendant is not favored. However,
> situations arise, such as the present, where the identity of alleged defendants will not be
> known prior to the filing of a complaint. In such circumstances, the plaintiff should be
> given an opportunity through discovery to identify the unknown defendants, unless it is
> clear that discovery would not uncover the identities, or that the complaint would be
> dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980) (internal citations omitted) (followed by the

Eleventh Circuit in Dean v. Barber, 951 F.2d 1210, 1216 (1992)).  Therefore, the Doe Defendants

will not be dismissed at this time.[3]

D) Leave to Amend

Defendants' final argument is that Plaintiffs should be instructed to re-plead because the

current complaint is disorganized and will make litigation difficult. This Court agrees that the

Complaint is disorganized, and advises Plaintiffs that an attempt to streamline the complaint, and

specify which counts apply to which defendants would make litigation of this case more efficient.

---

[3]Plaintiffs, however, shall identify and serve the Doe Defendants within the 120-day period
provided by Federal Rule of Civil Procedure 4(m).

However, disorganization is not a reason to dismiss a complaint, and Plaintiffs have already been granted leave to amend.

**IV Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Doc. 25) is **GRANTED** in part and **DENIED** in part.  Defendant Parker is **DISMISSED** from this action without prejudice. Plaintiffs' previously granted leave to file an amended complaint shall be extended to April 13, 2007.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 27, 2007.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE