**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NANCY J. McDERMOTT,**
**JEFF SCURRY, JR.,**
        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-150-Orl-31KRS**

**BREVARD COUNTY SHERIFF'S OFFICE,**
**et al.,**

        **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 26) filed by Defendant Deputy James Landen ("Landen"), and Plaintiffs' Response thereto (Doc. 32).

**I. Background**

Plaintiffs bring this cause of action as a result of several allegedly violent encounters between Plaintiffs and law enforcement officers employed by the City of Cocoa Police Department ("CPD") and the Brevard County Sheriff's Office ("BCSO")[1]. Plaintiffs' Complaint (Doc. 1) alleges six causes of action arising out of four separate incidents. Plaintiff Jeff Scurry, Jr. ("Scurry") alleges, *inter alia,* that he was subjected to the use of excessive force by the Defendants, in violation of 42 U.S.C. § 1983 ("§ 1983). The relevant facts[2], as set forth in Plaintiffs' Complaint, are as follows:

---

[1] At all times relevant to this action, Landen was employed by the BCSO.

[2] Only the facts of "Incident II" are relevant to this motion, and therefore, only that incident will be described herein.

On November 16, 2004, Scurry pled guilty to a charge of Battery and was sentenced to complete a 26-week intervention course as part of his probation. By August of 2005, Scurry had begun the course, but knew he would not complete it by the end of his probationary period. Scurry and his mother, Plaintiff Nancy McDermott ("McDermott"), contacted Scurry's counselor at the anger management center and left a message regarding this matter but received no response.

On August 9, 2005, a Violation of Probation warrant was issued for Scurry. McDermott and Scurry called Scurry's probation officer twice to make arrangements for Scurry to surrender himself, but the calls went unanswered. On August 11, 2005, Scurry was mowing his lawn when he was approached by Landen, who was in plainclothes and did not identify himself. Scurry suspected that Landen was an officer there to arrest him, and asked if he could put his dog away. Scurry's request was ignored. As he was talking to Landen, two other BCSO deputies, Moros and Scraggs, tackled Scurry from behind and pushed him to the ground.

Scurry's dog then ran to his owner and Moros shot the dog in the head. Moros was ready to shoot the dog again, but Scurry told the dog to sit and it obeyed. BCSO contacted animal control, but gave them the wrong address and did not inform them of the gunshot wound. Landen remained at Scurry's residence until animal control arrived an hour and a half later.

**II. Standard of Review**

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,

421 (1969).  The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41 45-46 (1957).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted).  "A complaint need not specify in detail the precise theory giving rise to the recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

 *A) Count I: § 1983*

First, Landen argues that Plaintiffs have not plead any facts to support an action against him under § 1983. However, Plaintiffs do allege that Landen was present when Scraggs and Moros tackled Scurry and pushed him to the ground, for no apparent reason. Furthermore, the facts as set

forth in the Complaint suggest that Landen may have intended to distract Scurry so that the other two deputies could sneak up behind him and arrest him in the violent manner alleged. Because a law enforcement officer may be found liable under § 1983 for standing passively by while other officers commit constitutional violations, Plaintiffs allegations are sufficient to support a cause of action against Landen under § 1983. *See Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir. 1986).

Landen then argues that Count I should be dismissed on the basis of qualified immunity. In order to receive qualified immunity, "the government official must first prove that he was acting within [the scope of] his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Once a defendant establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiffs to show that qualified immunity is not appropriate. *Id*. To determine whether qualified immunity is appropriate, the Court must ask two questions. First, whether the allegations show the officers violated Plaintiffs' constitutional rights. *Id.* Second, if a violation of a right can be made out, the Court must determine whether that right was clearly established. *Id.*

First, Landen fails to argue that he was performing a discretionary function at the time alleged.  However, it is generally accepted that law enforcement officers conducting arrests are acting within the scope of their discretionary functions. *See, e.g.*, *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002); *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006).

Yet, even assuming that Landen was performing a discretionary function, he is still not entitled to qualified immunity.  Plaintiffs allege violations of the Fourth Amendment by use of excessive force.  "It is clearly established that the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." *Davis*, 451 F.3d at 767. Plaintiff Scurry alleges

that Moros and Scraggs approached him from behind and tackled him to the ground, while Scurry was simply standing on his lawn, and Landen stood idly by. The use of force under such circumstances could be construed as excessive, and therefore Landen is not entitled to qualified immunity.

### *B) Counts III-VI: State Law Claims*

Landen argues that Plaintiffs' state law claims against him should be dismissed because there are no allegations of fact that support causes of action for negligence or intentional infliction of emotional distress. Plaintiffs' response to this argument is brief, and unconvincing. (Doc. 32 at 6). This Court agrees that the facts, as alleged in the Complaint, do not provide support for the state law claims against Landen. Therefore, the claims against Landen will be dismissed as to Counts III, IV, V and VI.

## IV Conclusion

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Doc. 26) is **GRANTED** in part and **DENIED** in part. Defendant Landen is **DISMISSED** from Counts III, IV, V and VI.. Plaintiffs' may file an amended complaint by April 13, 2007, as previously stated by this Court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2007.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE